UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| TOP KICK PRODUCTIONS, INC., | ) |
| Petitioner, | ) Civil Action No. 6:21-CV-052-CHB |
| v. | ) |
| | ) **ORDER ADOPTING MAGISTRATE** |
| CHRIS LEWIS, | ) **JUDGE'S RECOMMENDED** |
| | ) **DISPOSITION** |
| Respondent. | ) |

*** *** *** ***

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram, [R. 41]. The Recommended Disposition addresses the Petition to Confirm Arbitration Award, [R. 1], and Motion for Entry of Order Confirming Arbitration Award, [R. 22], filed by Petitioner Top Kick Productions, Inc. ("Top Kick"). In these filings, Top Kick seeks an order from this Court confirming the arbitration award against Respondent Chris Lewis in the amount of $164,017.39, with post-award and post-judgment interest at the rate of 5% per annum until paid in full, plus $11,630.00 in arbitration costs. [R. 1, p. 3].

In his Recommended Disposition, Judge Ingram detailed the facts supporting confirmation of the arbitration award pursuant to the Federal Arbitration Act and relevant case law. [R. 41, pp. 3–6]. Judge Ingram ultimately recommended that the Court confirm the arbitration award. *Id.* at 6. He further recommended that the Court deny as moot Top Kick's Motion for Entry of Order Confirming Arbitration Award, [R. 22], and deny Lewis's Response, [R. 24], to the extent it moves to vacate the arbitration award. [R. 41, p. 6]. In reaching this conclusion, Judge Ingram first noted the limited role courts should play in reviewing arbitration

decisions and the presumption that arbitration awards will be confirmed. *Id.* at 3. Judge Ingram further determined that Lewis failed to show how any of the narrow grounds for vacating an arbitration award, such as fraud or evident arbitrator partiality, are present in this case. *Id.* at 4–6. (citing *Dawahare*, 210 F.3d 666, 669 (6th Cir. 2000)).

Judge Ingram's Recommended Disposition, filed on August 3, 2022, advised the parties that any objections must be filed within fourteen (14) days. *Id.* at 7. Neither party filed objections by that deadline nor sought an extension of time to do so. However, on August 26, 2022, nine days after the objection deadline lapsed,[1] Lewis filed objections to the Recommended Disposition, [R. 42]. In his objections, Lewis challenges the validity of the arbitration on several new grounds, including direct arguments that the arbitrator was partial and corrupt, and that the arbitration award was procured by fraud. *Id*. at 2–4.

The Court will overrule Lewis's objections because he failed to raise these arguments before the Magistrate Judge. In *Murr v. United States*, the Sixth Circuit reasoned:

> Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.

200 F.3d 895, 900 n.1 (6th Cir. 2000); *see also Asadi-Ousley v. Fender,* No. 22-3393, 2022 U.S. App. LEXIS 22905, at *5 (6th Cir. Aug. 17, 2022) ("[T]he district court was not required to address an argument that Asadi-Ousley raised for the first time in his objections to the report and

---

[1] The Court notes that untimeliness alone provides sufficient grounds for overruling Lewis's objections. *See Allen v. Comm'r of Soc. Sec.*, No. 17-5960, 2018 U.S. App. LEXIS 14982, at *3–4 (6th Cir. June 4, 2018) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) ("By failing to timely object to the magistrate judge's report and recommendation, a party waives further review of his claims by the district court and [the Sixth Circuit] '[a]s long as [he] was properly informed of the consequences of failing to object.'"). The Recommended Disposition warned Lewis that "[f]ailure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals." [R. 41, p. 7]. Lewis's Response states that he was served with a copy of the Recommended Disposition on August 12, 2022, and the envelope in which he mailed in his Objection is dated August 24, 2022. [R. 42, p. 1; R. 42–2].

recommendation."); *United States v. Combs*, 6:18-cr-00003-GFVT-MAS, 2021 WL 1202064, at *4 (E.D. Ky. Mar. 29, 2021) (finding a claim not entitled to de novo review because it "was not properly raised before the Magistrate Judge but, instead, was raised for the first time in his objections to the Report and Recommendation."); *Vasquez v. Adams*, No. 3:19-cv-756-BJB-HBB, 2021 U.S. Dist. LEXIS 122169, at *9–10 (W.D. Ky. June 30, 2021) (same). Lewis provides no compelling reasons (or any reasons at all) why he could not have raised these arguments in his Response to Top Kick's Motion for Order, [R. 24], rather than focusing his Response on a third party's alleged involvement in the matter. *See also* [R. 41, pp. 4–5 (summarizing the arguments presented in Lewis's Response)]. Accordingly, the Court finds that Lewis's failure to raise these arguments before the Magistrate Judge waives them.

Generally, this Court must make a de novo determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." See *Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with the Magistrate Judge's Recommended Disposition. Accordingly, the Court being otherwise sufficiently advised,

      **IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [**R. 41**] is **ADOPTED** as the opinion of this Court.

- 4 -

2. Petitioner's Petition to Confirm Arbitration Award, **[R. 1]**, is **GRANTED**.

3. Petitioner's Motion for Entry of Order Confirming Arbitration Award, **[R. 22]**, is **DENIED AS MOOT**.

4. To the extent Respondent's Response, **[R. 24],** moves to vacate the Award, the Motion is **DENIED**.

5. Respondent's Objection to Recommended Disposition, **[R. 42]**, is **OVERRULED.**

6. Pursuant to the arbitration award, Respondent must pay Petitioner $164,017.39, with post-award and post-judgment fees at an interest rate of 5% per annum until paid in full, as well as $11,630.00 in arbitration fees.

7. A corresponding Judgment will follow.

This the 30th day of August, 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY